IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER V. LANGONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2012 CV 2073 |
| v. | ) | |
| | ) | |
| PATRICK KAISER and FAN DUEL, INC., | ) | Judge Nordberg |
| | ) | |
| Defendants, | ) | |

**AMENDED COMPLAINT**

Plaintiff, Christopher V. Langone, brings this Complaint against Defendant, Patrick Kaiser and Fan Duel, Inc., and alleges the following factual contentions that either have evidentiary support, or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery:

1. This is a private civil anti-gambling enforcement "common informer" action brought under the Illinois Loss Recovery statute, 720 ILCS 5/28-8(b).

2. 720 ILCS 5/28-1 states in relevant part:

(a) A person commits gambling when he: (1) Plays a game of chance or skill for money or other thing of value, unless excepted in subsection (b) of this Section; or (2) Makes a wager upon the result of any game, contest, or any political nomination, appointment or election; or..., (12) Knowingly establishes, maintains, or operates an Internet site that permits a person to play a game of chance or skill for money or other thing of value by means of the Internet or to make a wager upon the result of any game, contest.., by means of the Internet.

3. 720 ILCS 5/28-8 states in relevant part:

(a) Any person who by gambling shall lose to any other person, any sum of money or thing of value, amounting to the sum of $ 50 or more,... may sue for and recover the money or other thing of value, so lost and paid or delivered, in a civil action against the winner thereof,... (b) If within 6 months, such person who under the terms of Subsection 28-8(a) is entitled to initiate action to recover his losses does not in fact pursue his remedy, any person may initiate a civil action against the winner. The court or the jury, as the case may be, shall determine the amount of the loss. After such determination, the court shall enter a judgment of triple the amount so determined.

   4.  Plaintiff will likely have evidentiary support after a reasonable opportunity for further investigation or discovery that persons by gambling have lost money amounting to a sum of $50 or more to Patrick Kaiser and Fan Duel Inc. and that none of those persons filed a civil action against Patrick Kaiser or Fan Duel Inc. within 6 months.

   5.  This case seeks two types of "lost money" that occurs from Internet "Daily Fantasy" gambling.

   6.  In Count I, Plaintiff makes a claim against Fan Duel, Inc., and Patrick Kaiser, jointly and severally, to recover money lost by gamblers who paid "commission" or "vigorish" or "rake" to Internet sites and their partners. Plaintiff will likely have evidentiary support after a reasonable opportunity for further investigation or discovery that persons by gambling have lost money amounting to a sum of $50 or more to Patrick Kaiser and Fan Duel Inc. and that none of those persons filed a civil action against Patrick Kaiser or Fan Duel Inc. within 6 months for money lost on www.draftadayspsorts.com and/or www.fanduel.com.

7.　　Plaintiff defines "to lose" according to its plain meaning, i.e, "to undergo deprivation of something of value".

8.　　Based upon facts that have evidentiary support and contentions that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Patrick Kaiser and Fan Duel, Inc., won more than $50 in "commission", "vigorish" or "rake" from persons who paid and lost that "commission", rake or "vigorish" and did not pursue any circuit court remedy under 720 ILCS 5/28‑8 in the last six months and the gambling conduct has occurred within Illinois since September of 2009 on Internet sites including www.draftadaysports.com and www.fanduel.com.

9.　　In Counts II and III, Plaintiff seeks to recover money Patrick Kaiser won on "Daily Fantasy" websites.  Plaintiff contends that Patrick Kaiser bought into wagering pools available on the Internet sites. When the Internet site operator paid out money to the pool winner, the Internet site was deprived of money that it had and thus the Internet site "lost" the money it paid on winning wagers. Plaintiff does not believe that the definition of win and lose are limited to competitive loss.  Plaintiff contends that when a party pays and loses money in a gambling transaction as defined by Illinois gambling law, then the person who transfers money pursuant to a gambling transaction has "lost" it and the person receiving the money has "won" it.   Win means to obtain or earn. Lose means to be deprived of. Based upon facts that have evidentiary support and contentions that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, Patrick Kaiser has won more than $75,000 on www.fanatsysportslive.com  and www.fanudel.com  and no website or no pool-ticket buyer has pursued any circuit court action remedy under 720 ILCS 5/28‑8 in the last six months and the

gambling conduct occurred within Illinois since September of 2009 on Internet sites including www.draftadaysports.com and www.fanduel.com and www.fantasysportslive.com.

10. Patrick Kaiser and Fan Duel, Inc., are involved in a new form of Internet sports gambling called "Daily Fantasy."

11. Plaintiff contends that "Daily Fantasy" is a form of wagering and is a game subject to chance.

12. Fan Duel, Inc., represents that it offers "Daily Fantasy" contests, which are "games of skill."

13. Nevertheless, Illinois bans games of chance, games of skill, and/or wagering for money and specifically prohibits wagering and games for money by means of the Internet. 720 ILCS 5/28‑1(a)(1-12).

**Parties, Jurisdiction, and Venue**

14. Plaintiff, Christopher Langone, is a "person" as defined by 720 ILCS 5/28-8(b) and is a citizen of the State of New York.

15. Defendant, Patrick Kaiser, is a citizen of Illinois and lives in Aurora at 627 Conservatory Lane, Aurora, Illinois, 60502.

16. Venue is proper in this district under 28 U.S.C 1391(a) (1) and (2) because Defendants reside and can be found within this judicial district and the acts and transactions that give rise to this claim occurred, in substantial part, in this district.

17. Defendant Patrick Kaiser of Aurora, Illinois established, operates and maintains a "Daily Fantasy" sports gambling Internet site called www.draftadaysports.com.

18. Plaintiff will likely have evidentiary support after a reasonable opportunity for further investigation or discovery that Defendant Fan Duel, Inc., is a Delaware corporation that has its principal place of business in Edinburgh, Scotland, United Kingdom. The executives for Fan Duel Inc. are Nigel Eccles, Co-founder and CEO, Lesley Eccles, Co-founder and Marketing Director and Tom Griffiths, Co-founder and VP Product and Brendan Waters, Finance Director and are based in Edinburgh. UK. Fan Duel, Inc., is a subsidiary owned by Hud Dub Ltd. which is located in Edinburgh, Scotland, UK at 7.12 Appleton Tower, 11 Crichton Street. The "nerve center" of Fan Duel Inc. is in Edinburgh, Scotland. Fan Duel Inc. is directed, controlled, and coordinated from Edinburgh Scotland by CEO Nigel Eccles and the other co-founders and UK investors including the Scottish Investment Bank and Pentech Ventures. Defendant Fan Duel Inc. also has offices in New York, New York and San Francisco, California.

19. Plaintiff has a good faith belief that the Defendant's Nerve Center is in Scotland and on that basis alleges jurisdiction based on diversity of citizenship under 28 U.S.C. 1331(a). But if the Nerve Center is in New York, then diversity does not exist. The New York Office is located in a virtual office suite with other businesses.

**Count I**
**720 ILCS 5/28-8(b) Against Winner Patrick Kaiser and Fan Duel, Inc.**
**for Money Lost By Fantasy Sports Players**

20. Fan Duel, Inc., accepts bets upon the result of trials and contests of skill, speed or power of endurance and upon unknown and contingent events that occur in professional sports events including baseball, football, basketball and hockey.

21. Fan Duel, Inc., does not provide offers of prizes, award or compensation to the actual contestants in any *bona fide* contest for the determination of skill, speed, strength or

endurance or to the owners of animals or vehicles entered in such contest rather it sells pools upon the result of games or contests of skill and chance.

22. Factual contentions will likely have evidentiary support to prove that Fan Duel, Inc., engages in bookmaking in violation of 720 ILCS 5/28-1.1(d) because it likely has received and accepted more than five bets or wagers from persons in Illinois upon the result of any trials or contests of skill, speed or power of endurance or upon any lot, chance, casualty, unknown or contingent event whatsoever, which bets or wagers shall be of such size that the total of the amounts of money paid or promised to be paid to such bookmaker on account thereof exceed $2,000.

23. On or about November of 2010, a fantasy sports Internet site known as www.draftaday.com was started.

24. According to Ben Gross on CSNbbs:

Hey everyone, so a good friend of mine from NIU, Pat Kaiser, has recently started a fantasy sports website and needs help. He's looking for people to register, which is free, and try out a free game on his fantasy sports website. Here's the link. The site offers head-to-head salary cap competitions for the NFL, MLB, NHL and NBA. (There are also draft style games, and multi-player games). The games last just for a day (or in the NFL case a week), so it's really easy to play and doesn't take up a ton of time. If you're already playing in a league, like me, it only takes about 5 minutes to put together a roster. He's looking for people to just try free games, but you can also play for cash. I've been playing for the past month and won $234 playing small cash games (you can play $5, $10, $25, $50 or $100 games). Please help a fellow NIU grad out by just checking out his site. As I said it's free to register and play. If you're interested and want any help, I'm willing to provide advice and so is he. He's actually the #1 fantasy sports player in the world and makes his living doing this. Again, here's the link. Thanks again in advance for the help guys! ~Ben" See csnbbs.com/archive/index.php/thread-461004.html.

25. The link referenced in paragraph 18 is directed to the draftaday.com Internet site, which was a landing page that directed to the Fan Duel, Inc., Internet site. Kaiser and Fan Duel were thus jointly involved in recruiting and inducing people to engage in illegal Internet

gambling by virtue of their joint promotion, and are "accountable" for each others actions under the gambling laws. They are thus jointly and severally liable, as alleged further herein. The www.DraftADaySports.com Internet site was "Powered by Fan Duel".

26. The draftadaysports.com page had a picture of Patrick Kaiser wearing a Chicago Bears jersey.

27. The page stated in relevant part:

Daily Fantasy Sports Leagues that Last Just One Day... with Instant Cash Payouts. Pick a team - based on a salary cap - and win in one day. Free leagues or real money leagues (from $1 to $270+) Head-to-head, 5, 10 and 100+ person leagues. Public and private, customizable daily fantasy sports leagues. Over $20,000 in cash payouts every day. If you lose your first $5 or $10 game and don't love our daily fantasy contests then contact us and we'll close your account and give you a full refund. No questions asked. Powered by Fan Duel.

28. The current link in the post by Ben Gross directs to www.fanduel.com/hp2?btag=a_457b_131c_. This now directs to a landing page for www.FanDuel.com that no longer has "Draft A Day Sports.Com, Where It's Not Just A Game" Banner.

29. The Illinois Gambling Code empowers and gives the right to private citizens to bring civil enforcement "common informer" actions against winners of gambling losses.

30. The outcome in "Daily Fantasy" is based solely on the combination of the single performance of an individual athlete in single real-world sporting events.

31. The outcomes in "Daily Fantasy" wagering do not reflect the relative knowledge and skill of the participants but rather reflect the daily performance of athletes which are subject to chance such as weather, injury and coaching decisions that are outside the control of the players.

32. The price paid for the winning wager is determined by the number of players and the amount of money paid by the players in "Daily Fantasy" sports gambling.

33. For example, on www.fanduel.com, the winning wager is determined by the number of participants multiplied by the wager minus "vigorish" or "rake". See Fan Duel Chart below.

|  | Head 2 head | 5 person league | 10 person league |
|---|---|---|---|
| $5 entry | $9 | $22.50 | $45 |
| $10 entry | $18 | $45 | $90 |
| $25 entry | $45 | $112.50 | $225 |
| $50 entry | $90 | $225 | $450 |
| $100 entry | $180 | $450 | $900 |

34. According to Fan Duel, Inc., rules, if the game is not completely filled by the maximum number of participants at the start of the game then all entries on that game are voided and the entry fees returned to the users accounts.

35. Enterprises like Fan Duel, Inc., are now attempting to turn "Daily Fantasy" sports betting into the new leading form of Internet gambling since the Department of Justice effectively shutdown online poker gambling on April 15, 2011 and subsequently shutdown traditional online sports wagering Internet domains.

36. For example, it was reported by David Cohen on April 12, 2010, that the "Philadelphia Inquirer Gambles on Gambling with FanDuel" The article stated,

> The Philadelphia Inquirer's Philly.com teamed up with British online betting company FanDuel to launch Philly.com Instant Fantasy Games, which pay winners off in real money, Editor & Publisher reported. According to E&P, users pay a $5 entry fee for each game with the chance to win up to $90, and the games cover Major League Baseball, the National Basketball Association, and the National Hockey League. Unlike traditional fantasy sports, players in Philly.com Instant Fantasy Games can create teams for just one day. FanDuel told E&P some players are winning as much as $16,000 per month, and the company said in a statement:

8

> *Thanks to the fantasy-sports carve-out in the 2006 Unlawful Internet Gaming Enforcement Act, these instant fantasy games are legal in the United States — something that the FanDuel team has been very careful to adhere to. FanDuel and its partners generate revenue from taking a commission on each game.*

37. Plaintiff will likely have evidentiary support after a reasonable opportunity for further investigation or discovery that the commissions paid on each game to Fan Duel, Inc., is money "lost" by gambling and is recoverable under the Illinois Loss Recovery Act.

38. The Unlawful Internet Gaming Enforcement Act does not pre-empt state gambling laws that ban playing games of skill or chance for money.

39. The Unlawful Internet Gaming Enforcement Act does not pre-empt state gambling laws that ban playing games of skill or chance for money.

40. The Unlawful Internet Gaming Enforcement Act does exempt "Daily Fantasy" from federal gambling laws.

41. Fan Duel, Inc., did not exist in 2006.

42. Plaintiff will likely have evidentiary support after a reasonable opportunity for further investigation or discovery that Fan Duel, Inc., and its partners like Defendant Patrick Kaiser win a "commission" or "vigorish" or "rake" on every "Daily Fantasy" wager that is made and that persons lost more than $50 on gambling "commission", "vigorish" or "rake" to Fan Duel Inc. These persons may be named as John Does but Plaintiff contends that he will likely have evidentiary support after a reasonable opportunity for further investigation or discovery to prove that persons lost more than $50 playing on www.fanduel.com or www.draftadaysports.com and did not sue to recover the money lost within 6 months.

9

43. In September of 2010, Patrick Kaiser started the Internet site known as www.draftadaysports.com. This site was powered by "Fan Duel".

44. A picture of Patrick Kaiser appeared on the www.draftaday.com landing page.

45. On September 14, 2011, Pat Kaiser wrote on www.theraquet.net "Pat Kaiser is the No. 1 ranked fantasy sports player by RotoGrinders and founded DraftADaySports.com. For more information about Pat's website or for tips concerning fantasy sports you can email him at pat@draftadayspots.com.

46. DraftADaySports also has a Yahoo! Profile that states Aurora, IL.

47. On September 15, 2011, Pat Kaiser wrote on an article on www.northernstar.info. In the Editor's notes it states that, "Pat Kaiser is the No. 1 ranked fanatsy sports player by Rotogrinders and founded DraftADaySports.com. For Week 3 start/sit advice to print next week, you can email him at pat@draftadaysports.com by Wednesday.

48. The www.draftadaysports.com Internet site permits person to play games for money and to wager on the outcome of sports events and contests.

49. Plaintiff will likely have evidentiary support after a reasonable opportunity for further investigation or discovery that Kaiser receives a percentage of the "rake", "commission" or "vigorish" generated by gambling transactions on www.draftadaysports.com.

50. Plaintiff will likely have evidentiary support after a reasonable opportunity for further investigation or discovery that one of the gamblers who has lost money on www.draftadaysports.com is Sean Clement of LIbertyville, Illinois. Sean Clement disclosed on rotogrinders.com that www.draftadaysports.com was his favorite Website. Based upon circumstantial evidence based upon his volume of play, it is more likely than not that he has lost

over $50 playing on www.draftadaysports.com. Sean Clement is known as SClement21 on www.rotogrinders.com.

51. Other circumstantial evidence that suggests that gamblers lost more than $50 on draftadaysports.com is that the site offers games for wagers up to $270 on a single game and promises $20,000 in cash payouts every day.

52. Circumstantial evidence suggests that Kyle Durno, Erik Maverick Scott, Zach Criswell, Ricky Epperson, Parker Jay Johnson, Nathan Kaiser, Scot Scholz, and Matt Clement may have also gambled and lost on www.draftadaysports.com based upon information from Facebook. Plaintiff will likely have evidentiary support after a reasonable opportunity for further investigation or discovery that other John Does lost money on www.draftadaysports.com.

53. Plaintiff will likely have evidentiary support after a reasonable opportunity for further investigation or discovery that Patrick Kaiser has won more than $50 as a result of the establishment, operation and maintenance of www.draftadaysports.com. Plaintiff defines win as "To obtain or earn". Plaintiff defines lose as 'to be deprived of'.

54. Plaintiff will likely have evidentiary support after a reasonable opportunity for further investigation or discovery that no person has brought a lawsuit action against Patrick Kaiser or Fan Duel Inc. in the last six months to recover lost gambling money.

WHEREFORE, Plaintiff Christopher Langone requests this Court enter judgment in his favor against Defendant Patrick Kaiser and Fan Duel Inc. for triple the amount of money "won" (obtained or earned) as a result of the establishment, operation and maintenance of www.draftadaysports.com or www.fanduel.com since September 2010 through the relevant statutory period from persons who lost more than $50 in wagers, "commission", "vigorish",

11

"rake", fees or other monetary consideration playing on www.draftadaysports.com or www.fanduel.com.

## Count II
### 720 ILCS 5/28-8(b) Against Winner Patrick Kaiser for Losses Won on www.fantasysportslive.com

55. Plaintiff reincorporates allegations from paragraphs 1-54 into this Count.

56. Patrick Kaiser has won over $348,818.65 on www.fantasysportslive.com.

57. Fantasy Sports Day Corp., owns and operates www.fantasysportslive.com.

58. Plaintiff will likely have evidentiary support, after a reasonable opportunity for further investigation or discovery, that Kaiser won money by playing a game of chance or skill for money and making wagers upon the result of games and contests on www.fantasysportslive.com in Illinois.

59. Fantasy Sports Day Corp., sells pool entries and takes wagers of "Daily Fantasy Sports" on www.fantasysportslive.com.

60. Patrick Kaiser is a member of Rotogrinders.com and his image is displayed on their website in which he is wearing a number 54 "Brian Urlacher" Bears jersey. This website maintains a database of winnings for gamblers including Patrick Kaiser. Plaintiff incorporates this database by reference into the Complaint. This database contains information about money won by Kaiser on www.fantasysportslive.com.

61. For example, on September 27, 2009, Kaiser won $500.00 from Fantasy Sports Day Corp. by playing Daily Fantasy Sports and wagering on Football.

62. Kaiser won $500 wagers over 117 times (a total of $58,500) from Fantasy Sports Day Corp. wagering on Basketball, Baseball and Football.

63. Kaiser also won many wagers that paid $400, $200, $150, $100, $80 and $60 from Daily Fantasy Sports Corp. on almost a regular basis.

64. Kaiser has won $137,660.33 wagering on baseball with Daily Fantasy Sports Corp.

65. Kaiser has won $56,429.00 wagering on football with Daily Fantasy Sports Corp.

66. Kaiser has won $209,496.55 wagering on basketball with Daily Fantasy Sports Corp.

67. On www.fantasysportslive.com it states, "Fantasy Sports Live is like playing no limit poker, except instead of playing with cards you're playing with real life athletes."

68. Plaintiff will likely have evidentiary support, after a reasonable opportunity for further investigation or discovery, that Pat Kaiser has won over $403,591.98 on www.fantasysportslive.com.

69. Plaintiff will likely have evidentiary support, after a reasonable opportunity for further investigation or discovery, that no person including Daily Fantasy Sports Corp. has brought a lawsuit action against Pat Kaiser to recover gambling losses on www.fantasysportslive.com. under 720 ILCS 5/28-8 in the last six months.

WHEREFORE, Plaintiff Christopher Langone requests this Court enter judgment in his favor and against Pat Kaiser for triple the amount of loss won by Defendant Patrick Kaiser on www.fantasysportslive.com. plus costs during the relevant statutory period.

## Count III
### 720 ILCS 5/28-8(b) Against Winner Patrick Kaiser for Losses Won on www.fanduel.com

70. Plaintiff reincorporates allegations from paragraphs 1-69 into this Count.

71. Pat Kaiser also gambles on www.fanduel.com.

72. Plaintiff will likely have evidentiary support, after a reasonable opportunity for further investigation or discovery, that Kaiser has won around $109,586.34 on www.fanduel.com.

73. As of March 17, 2012, Pat Kaiser won a total $109,586.34 on www.fanduel.com according to www.rotogrinders.com.

74. Plaintiff will likely have evidentiary support, after a reasonable opportunity for further investigation or discovery, that Kaiser won $59,666.00 on wagers on baseball.

75. Plaintiff will likely have evidentiary support, after a reasonable opportunity for further investigation or discovery, that Kaiser won $15,495.00 on wagers on football.

76. Plaintiff will likely have evidentiary support, after a reasonable opportunity for further investigation or discovery, that Kaiser won $34,173.34 on wagers on basketball.

77. An image of Patrick Kaiser appears on the www.rotogrinders.com website. Rical LLC owns www.rotogrinders.com.

78. Plaintiff will likely have evidentiary support, after a reasonable opportunity for further investigation or discovery, that no person has brought a lawsuit action against Pat Kaiser to recover gambling losses on www.fantasysportslive.com. under 720 ILCS 5/28-8 in the last six months.

79. Plaintiff will likely have evidentiary support, after a reasonable opportunity for further investigation or discovery, that Kaiser won money by playing a game of chance or skill for money and making wagers upon the result of games and contests on www.fanduel.com in Illinois.

WHEREFORE, Plaintiff Christopher Langone requests this Court enter judgment in his favor and against Pat Kaiser for triple the amount of loss won by Defendant Patrick Kaiser on www.fanduel.com. plus costs during the relevant statutory period.

          Respectfully Submitted,
          Plaintiff, Christopher V. Langone

          __/s/_Mark_T._Lavery_____
          By His Attorney

Mark Lavery
733 Lee St.
Des Plaines, IL 60016
847-813-7771